E. I. DU PONT DE NEMOURS POWDER CO. et al. v. MASLAND et al.

(District Court, E. D. Pennsylvania. August 5, 1914.)

No. 1279.

INJUNCTION (§ 146*)—PRELIMINARY INJUNCTION—TRADE SECRETS—DISCLOSURE.
  Where complainant sued to restrain an ex-employé from disclosing, and persons with whom he had since associated himself from using, complainant's secret processes in a competing business, but the answer denied the salient averments of the bill, and that defendants intended to do complainant the injury sought to be prevented, a preliminary injunction would be denied, with leave to renew the application at any time.

  [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 319; Dec. Dig. § 146.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. Suit by the E. I. Du Pont de Nemours Powder Company and the Du Pont Fabrikoid Company against Walter E. Masland and others. On application for a preliminary injunction. Denied.

Charles N. Butler, of Philadelphia, Pa., and Prindle, Wright & Small, of New York City, for plaintiffs.

George Quintard Horwitz, of Philadelphia, Pa., for defendants.

DICKINSON, District Judge. We follow the usual practice in not discussing the merits of the bill on this motion further than is necessary to make clear the reason for the conclusion we have reached.

The bill alleges knowledge of secret processes of manufacture necessary to the successful prosecution of the business of plaintiff, gained by one of the defendants while in the employ of the plaintiff and maintaining confidential relations with it. The further averment is that these processes will be disclosed, unless such disclosure is prohibited by the court. The other defendants are alleged to be associated with the plaintiffs' former employé in a contemplated business which will involve the use of plaintiffs' processes and a disclosure of the secrets of its business.

The answer denies all the salient averments of the bill. The line which terminates the limits where the rights of the plaintiffs end and those of the defendants begin is a difficult one to draw. The iniquity of an employé who takes away with him the property of his employer, existing in the form of valuable processes, is as clear as if he asported any other form of property. The right of the employé to use his abilities, developed through his experiences, to the utmost of his capacity, is equally clear. This right of the employé and his obligation to preserve to the full the property rights of the employer are shaded into each other by lines so fine that it is doubtful whether anything but a nice sense of honor can keep them distinguished.

To award an injunction pendente lite is to in some measure at least prejudge the case, and involves a finding that the defendants are disposed to act contra bonos mores. At the same time it is within at least the theoretic possibilities that to refuse the writ is to permit a great injustice to be done the plaintiffs. There are considerations to be taken into the account, however, which promise a more satisfying judgment of the respective rights of the parties after a full hearing than now.

The defendant especially concerned has denied all intention to do the plaintiffs the injury which the latter think to be threatened. It is to be expected that the defendants will continue to see the wisdom and prudence, as well as the righteousness, of abiding in this position and awaiting a determination of their rights and those of the plaintiffs on final hearing.

The preliminary injunction is now refused, with leave to renew the application at any time, and costs to await final decree.